UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH A. THOMPSON, et al.,  )
            Plaintiffs,  )
                               )    No. 1:20-cv-428
-v-  )
                               )    Honorable Paul L. Maloney
GRETCHEN WHITMER, et al.,  )
            Defendants.  )
                               )

## ORDER

This matter is before the Court on Defendants' motion to dismiss (ECF No. 10). For the reasons to be explained, the motion will be granted.

This case exists, as so many do, because of the coronavirus pandemic. From March 2020 to October 2020, Governor Whitmer issued a multitude of Executive Orders related to the pandemic, relying on the powers granted to her in Michigan's Emergency Management Act of 1976, M.C.L. § 30.401 *et seq.*, and Michigan's Emergency Powers of the Governor Act of 1945, M.C.L. § 10.31 *et seq.* But on October 2, 2020, the Michigan Supreme Court struck down Governor Whitmer's Covid-19 Executive Orders, holding that the orders issued after April 30, 2020 lack any basis under Michigan law. *In re Certified Questions from United States District Court,* ___ N.W.2d ___, 2020 WL 5877599 (Mich. 2020). Thus, Governor Whitmer's Executive Orders no longer have force. Since the Michigan Supreme Court's decision, Former Michigan Director of Health and Human Services Robert Gordon promulgated similar rules, finding his authority in a different provision of Michigan Law: M.C.L. § 333.2453.

The Plaintiffs in this case are citizens of Michigan, and they are unhappy with the Michigan government's actions. On May 15, 2020, they filed this action, alleging that Governor Whitmer's Executive Orders and the other Defendants' enforcement of those Orders violated several of their constitutional rights. On June 24, 2020, Defendants moved to dismiss the complaint (ECF No. 10). The Court finds that the issues presented in Plaintiffs' complaint are no longer live, so the case must be dismissed as moot.

Article III of the Constitution restricts the power of federal courts to "Cases" and "Controversies." When the issues presented are no longer live, or when the parties lack a legally cognizable interest in the outcome, a lawsuit presents no case or controversy and becomes moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

Generally, the legislative repeal of a statute renders a case challenging that statute moot. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997). The same is true for Executive Orders: when "temporary restrictions" in an executive order expire before a court acts, the lawsuit challenging those executive orders is rendered moot. *Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) (Mem.). Further, in a suit against the State or a state official acting in his or her official capacity, the Eleventh Amendment bars the award of retrospective relief, including injunctive relief regarding a law whose challenged portion is no longer in effect. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) ("There is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction.").

Such is the case here. The challenged Executive Orders were set aside by the Michigan Supreme Court in *Certified Questions*, so Plaintiffs have already received the relief they seek. There is no alleged ongoing violation of federal law, so this Court cannot issue any injunctive relief in their favor. In turn, there is no longer a case or controversy for the Court to decide. The case is moot, and Defendants' motion to dismiss must be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (ECF No. 10) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  February 10, 2021  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge